IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KWONG, ET AL.,<br>　　　　Plaintiffs,<br>　v.<br>DYNASTY PROPERTIES, LLC, et al.,<br>　　　　Defendants. | Case No. 17-cv-04966-CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Plaintiffs Jeffrey Kwong and May Zhao have filed a motion under Federal Rules of Civil Procedure 59(e) and 60(b) to alter, correct, or amend the Court's order dismissing their complaint with prejudice. Kwong was evicted from his apartment after a suit in state court by Dynasty Properties ("Dynasty"), the owner of the tenement in which he lived. Kwong and Zhao, his sub-tenant, then filed this action in federal court, seeking an injunction and damages. The Court dismissed all claims with prejudice, holding that they were barred by the doctrine of claim preclusion, or res judicata. In their motion for reconsideration, Plaintiffs clarify that the state-court action was an unlawful detainer proceeding in which they were barred from bringing counter-claims. Plaintiffs are thus correct that their damages claims are not precluded by the state-court judgment. Upon further review, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims under the Rooker-Feldman doctrine. Because this error did not affect the disposition of the case, Plaintiffs' motion fails. See S.E.C. v. Pattison, No. C-08-4238 EMC, 2011 WL 2293195, at *2 (N.D. Cal. June 9, 2011). Plaintiffs' claims are discussed in greater detail below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, Kwong and Zhao were co-tenants in an apartment within a tenement building in San Francisco's Chinatown neighborhood, along with two other families. Compl. (dkt. 1) ¶ 2. Kwong was the leaseholder, Zhao a sub-tenant. Id. ¶ 3. Dynasty sought to evict Kwong, and initiated an unlawful detainer proceeding in California Superior Court to do so. Id. ¶ 4. Dynasty brought a motion to compel discovery to allow it to inspect the apartment, and the court issued an order compelling such discovery. Id. ¶ 9. Kwong apparently refused to allow the inspection. Id. ¶ 11. The Superior Court issued an order for terminating sanctions, and Kwong and Zhao were evicted. Id. ¶¶ 11–12.

Kwong and Zhao filed a complaint in this Court, along with motions to proceed in forma pauperis ("IFP") and a motion for a temporary restraining order ("TRO") or, in the alternative, a preliminary injunction ("PI"). Dkts. 1–7. On August 29, 2017, the Court granted the motions to proceed IFP, denied the motion for a TRO or PI, and sua sponte dismissed all claims with prejudice. Dismissal Order (dkt. 10). On September 12, 2017, Plaintiffs filed a motion for reconsideration under Rules 59 and 60. Pls.' Mot. (dkt. 16). Given that Plaintiffs filed their motion for reconsideration within twenty-eight days of a dispositive order, the Court construes it as a motion brought under Rule 59(e) rather than Rule 60.

## II. LEGAL STANDARD

### A. Rule 59

There are four grounds upon which a Rule 59(e) motion may be granted: "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based"; (2) the moving party presents newly discovered evidence; (3) the motion is necessary to "prevent manifest injustice"; or (4) there is an intervening change in the law. Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

**B. Dismissal for Failure to State a Claim**

When a plaintiff proceeds IFP, a court "shall dismiss the case" if it determines that the complaint fails to state claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987).

To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

If a district court dismisses a case, it "should liberally allow a party to amend its pleading." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)). However, the court need not grant leave to amend if there is no set of facts under which the plaintiff can state a valid and sufficient claim. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987).

**III. ANALYSIS**

The Court originally dismissed Plaintiffs' claims on the ground of claim preclusion. However, in their motion for reconsideration, Plaintiffs clarify that the state-court action was an unlawful detainer proceeding in which they were barred from bringing counter-claims. See S.P. Growers Assn. v. Rodriguez, 552 P.2d 721, 723 (1976) (counterclaims not permitted in unlawful detainer proceedings). Accordingly, the Court's ruling was erroneous with respect to Plaintiffs' claims for damages, because Plaintiffs did not have a "full and fair opportunity" to litigate those claims in the unlawful detainer proceeding. People v. Barragan, 83 P.3d 480, 492 (Cal. 2004).

3

On further review, the Court finds that it lacks subject-matter jurisdiction over Plaintiffs' claims under the Rooker-Feldman doctrine, which instructs that federal district courts may not hear appeals or de facto appeals from the judgments of state courts. See Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). "To determine whether an action functions as a de facto appeal, [courts] pay close attention to the relief sought by the federal-court plaintiff." Id. at 777–78 (internal quotation marks omitted). "[W]hen the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court," the action is a forbidden de facto appeal. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

### A. Injunction Claim

#### 1. Rooker-Feldman

Plaintiffs' claim for an injunction is squarely foreclosed by Rooker-Feldman. In the complaint, Plaintiffs ask the Court to enjoin Defendants from "directly or indirectly preventing Plaintiff Jeffrey Kwong from possessing, occupying, or leasing" the apartment from which he was evicted. Compl. at 32. Were the Court to grant this relief, it would have the effect of reversing the unlawful detainer judgment. Accordingly, Plaintiffs have failed to state a claim.

#### 2. Claim Preclusion

In the alternative, Plaintiffs' claim for an injunction is precluded. The doctrine of claim preclusion prevents a plaintiff from raising claims that she could have raised in a prior action. Barragan, 83 P.3d at 492. Where the first judgment—that is, the judgment sought to be given preclusive effect—comes in a state-court proceeding, that state's law of preclusion applies. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007). Under California law, claim preclusion bars a claim where (1) the party against whom claim preclusion is asserted "had a full and fair opportunity to present its case" in the first proceeding; (2) the first proceeding resulted in a final judgment on the merits; (3) the claims in both proceedings are identical; and (4) the party against whom claim preclusion is asserted was a party or was in privity with a party in the first action. Barragan, 83 P.3d

4

at 492.

### a. Full and Fair Opportunity

Plaintiffs contend that the summary nature of the unlawful detainer process prevented them from having a full and fair opportunity to make their case. As stated above, the Court agrees that their claims for damages are not precluded. However, the Court disagrees with Plaintiffs' contention that they were not allowed to bring constitutional objections to Dynasty's discovery motion. They cite no authority for the proposition that there is a limitation on which types of arguments may be made in response to discovery requests in unlawful detainer proceedings, and this Court is aware of none. Indeed, usual civil discovery procedures are available in unlawful detainer actions, though the time frame is condensed. Terry B. Friedman et al., California Practice Guide—Landlord-Tenant 8:427 (2017). As in other civil cases, the party opposing discovery has the right to file an opposition to any discovery motions. Cal. Rules of Court 3.1347. Accordingly, Plaintiffs' argument that they lacked a full and fair opportunity to litigate discovery issues fails.

### b. Final and on the Merits

Plaintiffs raise several arguments as to why the first proceeding did not result in a final judgment on the merits. First, they appear to argue that discovery orders are not appealable as of right, and are thus not final. Pls.' Mot. at 7–8; see also Sabek, Inc. v. Engelhard Corp., 76 Cal. Rptr. 2d 882, 886 (Ct. App. 1998) (non-appealable orders not final). This is true, but irrelevant. At least insofar as Plaintiffs seek an injunction, the relevant decision for purposes of the claim-preclusion analysis is not the Superior Court's order to compel discovery, but rather its unlawful detainer judgment. Plaintiffs do not seek to enjoin discovery—and any such challenge would of course be moot, given that the unlawful detainer action has concluded. Instead, Plaintiffs seek to restore Kwong's possession of the apartment, thereby reversing the Superior Court's entry of judgment in favor of Dynasty. The order to compel discovery is neither here nor there insofar as the claim preclusion analysis is concerned.

Plaintiffs also appear to argue that the unlawful detainer action did not result in a final judgment because the proceeding was brief and unrecorded, and because the court's inquiry was superficial. Pls.' Mot. at 11–12. But whether a decision is final is measured by its effect on the parties, not its level of formality. See Lummus Co. v. Commonwealth Oil Ref. Co., 297 F.2d 80, 89 (2d Cir. 1961) (Friendly, J.) ("'Finality' . . . may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again."). The quality or depth of the legal analysis conducted by the court in the first proceeding is also irrelevant. "The judgment is on the merits if the substance of the claim is tried and determined, no matter how wrongly it is decided." 7 B.E. Witkin et al., California Procedure § 370 (5th ed. 2008).

Plaintiffs also contend that judgments entered pursuant to terminating sanctions are not considered to be on the merits. Pls.' Mot. at 8–11. But they cite no authority for this contention, which is foreclosed by Franklin Capital Corp. v. Wilson, 55 Cal. Rptr. 3d 424, 438 (Ct. App. 2007). See Dismissal Order at 2; see also 18A Charles Alan Wright et al., Federal Practice & Procedure §§ 4435 (2d ed. 2017) ("[I]t is clear that an entire claim may be precluded by a judgment that does not rest on any examination whatever of the substantive rights asserted.")

### c. Identical Claims

Plaintiffs also dispute the Court's finding that the claims in both proceedings were identical. Two suits concern the same claims when "they both [arise] from the same transactional nucleus of facts." Worton v. Worton, 286 Cal. Rptr. 410, 414 (Ct. App. 1991). The unlawful detainer proceeding and this case both concern the issue of Kwong's right to possess the apartment. The claims are thus the same.

Plaintiffs point out that they are making different arguments here than they did in the state proceeding. Pls.' Mot. at 5, 8–9. But the question is not whether Plaintiffs actually raised the same legal arguments in the unlawful detainer proceeding. Rather, it is whether they could have raised them there. Duffy v. City of Long Beach, 247 Cal. Rptr.

715, 718 (Ct. App. 1988). Once the elements of claim preclusion have been met, the first judgment precludes "every matter which was urged, and every matter which might have been urged, in support of the cause of action or claim in litigation." Worten, 268 Cal. Rptr. at 414. Though Kwong apparently did not raise his federal constitutional objections to the civil discovery process in the unlawful detainer proceeding, the fact that he could have bars him from seeking to reverse the injunction in favor of Dynamic.

### d. Identical Parties

Finally, Plaintiffs contend that their claims are not precluded because the parties in both proceedings are not identical. Only Dynasty and Kwong were parties to the state court action. However, a judgment binds a party's agents as well as the party herself. Witkin, California Procedure, supra § 452 (citing French v. Rishell, 254 P.2d 26 (Cal. 1953)). And Plaintiffs' complaint alleges that the non-Dynasty defendants were all agents of Dynasty. Compl. ¶¶ 21–27. Accordingly, the Defendants here are substantially identical to the defendant in the unlawful detainer proceeding. Kwong's claims against them are therefore precluded.

Meanwhile, though Zhao was apparently not a named party in the unlawful detainer action, she lacks standing to challenge Kwong's eviction. Zhao was not injured by the state-court judgment against Kwong precisely because she was not a party to the unlawful detainer suit. To the extent that she wishes to challenge her own eviction as failing to comply with California law—i.e., to the extent she argues she was evicted without notice and a proper unlawful detainer proceeding—this is purely a state-law claim. The Court addresses the state-law claims below.

Accordingly, insofar as the complaint seeks an injunction, the Court did not err in dismissing Plaintiffs' claims.

### B. Claims for Damages

Plaintiffs' claims for damages are also foreclosed. Federal claims are barred under Rooker-Feldman when they are "inextricably intertwined with the merits of a state-court judgment." Cooper, 704 F.3d at 779 (quoting Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25

7

1  (1987) (Marshall, J., concurring)).  They are so intertwined when "the federal claim

2  succeeds only to the extent that the state court wrongly decided the issues before it."  Id.

3  (quoting Penzoil, 481 U.S. at 25 (Marshall, J., concurring)).  Plaintiffs' federal damages

4  claims can succeed only to the extent that the Superior Court wrongly decided the unlawful

5  detainer proceeding.

### 1. Section 1983 Claims

Plaintiffs bring several claims for damages under 42 U.S.C. § 1983 (counts 1–5).  Their allegations are not entirely clear.  While Plaintiffs repeatedly state in the Complaint that Defendants violated their right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution, they do not actually allege that Defendants ever searched the apartment.  Instead, Plaintiffs' § 1983 challenge rests solely on the outcome of the unlawful detainer proceeding, and the Superior Court's supposedly erroneous interpretation of the law.  This challenge is therefore a de facto appeal of the state court decision, and is barred by Rooker-Feldman.  See Cooper, 704 F.3d at 779.

In their motion for reconsideration, Plaintiffs allude to a covert inspection of the apartment by Defendants.  Pls.' Mot. at 19.  To the extent that Plaintiffs would amend their complaint to allege such an intrusion as a § 1983 violation, their claim would fail, because Plaintiffs cannot plausibly allege that Defendants—a private real estate company and its employees and agents, Compl. ¶¶ 21–28—conducted any inspection under color of state law.  See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 924 (9th Cir. 2011).

### 2. Other Federal Damages Claims

Plaintiffs allege that Defendants violated the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (count 7) and "election rules and regulations established by federal laws including the Voting Rights Act and the Help America Vote Act" (count 13) by issuing subpoenas for Kwong's school and voting records.  Plaintiffs also allege that Defendants conspired against their civil rights under 18 U.S.C. § 241 (count 8), apparently by seeking the order to compel and enforcing the unlawful detainer

8

judgment. The FERPA and conspiracy against civil rights claims are not cognizable because the relevant statutes do not establish private rights of action. Gonzaga Univ. v. Doe, 536 U.S. 273, 287 (2002) ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."); Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968) (conspiracy against civil rights); see also Sauls v. Bristol-Myers Co., 462 F. Supp. 887, 889 (S.D.N.Y. 1978). Meanwhile, Plaintiffs do not specify which provision of the Voting Rights Act and/or Help America Vote Act they are seeking relief under, and thus fail to state a plausible claim for relief. See Twombly, 550 U.S. at 570.

### 3. State Law Claims

Plaintiffs' remaining claims are all based on state law. District courts have supplemental jurisdiction over state-law claims related to the claims over which they exercise original jurisdiction. 28 U.S.C. § 1367. However, where a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise its supplemental jurisdiction. Id.; see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). The Supreme Court has advised that a district court should decline such jurisdiction where it has dismissed the federal claims prior to trial. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, this Court exercises its discretion to dismiss these state law claims (counts 9–16).

## IV. CONCLUSION

Plaintiffs represent that they "both come from immigrant families escaping Communist China, where freedom from search and seizure was de facto nonexistent." Pls.' Mot. at 22. Kwong teaches high-school social studies and civics, and Zhao "is a single mother studying the Constitution in preparation for her naturalization." Pls.' Mot. at 22–23. Their filings in this Court demonstrate admirable determination and research abilities. Though it is unable to rule in their favor, the Court lauds their efforts and commends their engagement with the legal system.

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED**. Should Plaintiffs wish to file an appeal from this order, they may wish to consult page 61

9

of the Northern District of California's pro se handbook, available at
http://cand.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

Dated: October 2, 2017



CHARLES R. BREYER
United States District Judge